OUST MOTION EOE REHEARING.
 

 LATTIMORE, Judge.
 

 Appellant renews complaint of the refusal of a continuance. ¥e said in our former opinion that there was no diligence. A re-examination of the record confirms our view. Appellant was arrested October 1, 1922, as the result, and at the time of, a raid on his premises. He was indicted February 17', 1923. The trial term began September 3, 1923, or nearly eight months after appellant’s indictment. In his application for continuance filed September 13th, he says that he obtained in-county process for witness Cooper on July 31st, which was returned into court September 3rd showing to have been served. There is no showing of the date witness was directed to attend court, and no subpoena is attached to the application for continuance, and we have no possible means of knowing when process served, if any, directed the attendance of the witness. Tt is stated in the application that 'prior to September 3rd appellant heard his said witness had left the county and procured another subpoena and sent it to Foard county, which was returned not served. It is admitted that witness was not present on September 3rd, 'and there, is no showing that any process was procured for him after that date or after the ease was set for trial. This is so manifestly not diligence that it is not necessary to discuss it further.
 

 Appellant insists that we misunderstood his bill of exceptions No. 5, and that our statement that he did not move to strike out the evidence which he had permitted in, was erroneous. We have again examined the bills and find in them no certificate of the trial judge that any motion was made to strike out such testimony, but on the contrary the judge certifies to all the proceedings that then took place and he fails to set out that any motion was made to exclude the testimony. The record does not reveal a case where some chance expression or inadvertent answer was made by a witness which could not have
 
 *684
 
 been reasonably expected, and which no reasonable diligence on the part of the appellant could have prevented, but shows that the witness was permitted to give testimony which covers nearly a half page of the record without any objection. This would be no such case as could result from the giving of an unexpected answer, and we find no error in the court’s action as reflected in said bill of exceptions.
 

 Appellant also insists that we did not correctly decide the point raised by him in his bill of exceptions No. 9. Said bill shows that while appellant was on the witness stand he was asked if in September 1921 he was not charged in the Federal court with possessing whisky, and if he did not plead guilty to said charge in May 1922. The objection urged by appellants was that is was too remote to be used as a circumstance against him. We did not think so on original consideration and see no reason to change our views. The further statement in the bill of exceptions that said' evidence could not be material evidence to discredit him as a witness, presents no ground for the rejection of the testimony. We are not apprised by the bill of exceptions as to whether the other charge against appellant was a felony or a misdemeanor. Our presumption is in favor of the correctness of the action of the trial court.
 

 Finding no matter complained of in the motion which leads us to conclude that the disposition of the case -already made, was erroneous, the appellant’s motion for rehearing will be overruled.
 

 Overruled.